Alice P. ROTOLO, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Internal Revenue Service and Department of the Treasury, Respondents.

No. 80–1183.

United States Court of Appeals, First Circuit.

Submitted Sept. 12, 1980.

Decided Dec. 4, 1980.

---

Patricia G. Curtin, Alan R. Hoffman, and Lynch, Brewer, Hoffman & Sands, Boston, Mass., on brief for petitioner.

Alice Daniel, Asst. Atty. Gen., and William C. Bryson, Atty., Dept. of Justice, Washington, D. C., on brief for respondents.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

COFFIN, Chief Judge.

Appellant Alice Rotolo was employed in various clerical positions since December 1967 at the Internal Revenue Service's Andover, Massachusetts, Service Center. An IRS audit of the joint tax returns filed by appellant and her husband for 1975, 1976 and 1977 established that their taxable income was understated by a total of approximately $11,000. The understatements of income had resulted in avoidance of about $1,000 in taxes for each year. As a result of the audit, Mrs. Rotolo was discharged from IRS employment on October 12, 1979. Her termination was upheld by a "presiding official" of the Merit Systems Protection Board. See 5 U.S.C. § 7701(b). She did not pursue her administrative remedies further, but instead filed this appeal. See 5 U.S.C. § 7703(b)(1).

The official's findings are undisputed on appeal. He noted that during her employment appellant was on notice that IRS policy, particularly as expressed in its employee handbook, required all employees to comply fully with federal and state tax laws. "[A]ppellant not only as a taxpayer but as an employee of IRS was made fully aware that she had a personal responsibility to insure that her tax returns were accurate and complete." While recognizing that Mrs. Rotolo's relatively routine clerical jobs had not given her any "expertise" in the preparation of tax returns, the official found that she had a knowledge of bookkeeping and was her family's financial manager. He also found that a number of overstated deductions and unreported items of income, were attributable to appellant (e.g., unreported interest income, illegal deduction of contributions to the federal employees' retirement fund). The official concluded that "appellant was personally and directly involved with a number of items included and/or omitted from the joint tax returns and accordingly cannot avoid responsibility for such entries by stating that she only copied the figures without further examination or verification." He concluded that:

"she knew or should have known that a substantial amount of the taxable income was understated and the tax was unpaid when due.

"The mission of the Internal Revenue Service is to collect ... the income taxes due from taxpayers based on Internal Revenue Laws enacted by the Congress. Accordingly, its employees must be held to strict accountability and any compromise of the integrity or morality of such employees could lead to serious consequences and a breakdown in our tax collection structure.

"The action of the [IRS] in effecting the appellant's removal was for such cause as will promote the efficiency of the service and is sustained."

Under the Civil Service Reform Act of 1978, which governs this appeal, this court may upset the Merit Systems Protection Board's ruling only if appellant's discharge was

"(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

"(2) obtained without procedures required by law, rule, or regulation having been followed, or

"(3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Appellant argues that her discharge was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" in two ways. First, she maintains that IRS failed to establish that her remov-

al is "for such cause as will promote the efficiency of the service." *Id.*, § 7513(a). Second, she argues that the penalty of dismissal was so disproportionate to her offense as to be an abuse of discretion.

In support of her first point, Mrs. Rotolo argues that there was an insufficient "nexus" between her offense and the performance of her clerical tasks at the IRS service center. *See Doe v. Hampton*, 566 F.2d 265, 272 & n.20 (D.C.Cir. 1977). According to this argument, her job status was so "low level" that her offense could not be said either to impinge on the integrity of her routine tasks or reflect poorly on IRS in the public mind. Positing extremes, appellant suggests that publicly visible officials having discretionary functions might be disciplined for tax evasion while those with duties remote from the IRS' mission, such as cafeteria workers at the service center, might not. Appellant places herself at the menial end of this scale.

█ In reviewing agency determinations of what rules of conduct for employees it may enforce, we are constrained to give considerable deference to the agency's discretion. *See Tucker v. United States*, 624 F.2d 1029, 1033–34 (Ct.Cl. 1980); *Wathen v. United States*, 527 F.2d 1191, 1202–03 (Ct.Cl. 1975), *cert. denied*, 429 U.S. 821, 97 S.Ct. 69, 50 L.Ed.2d 82 (1976); *Birnholz v. United States*, 199 Ct.Cl. 532, 539 (1972). Here, appellant's substantial three–year tax delinquency could be deemed by the IRS to tend to undermine its heavy reliance on voluntary public compliance with the tax laws. If it became publicly known that the IRS knew of and tolerated tax evaders as employees, even in clerical positions, the resulting cynicism or disbelief in IRS' law enforcement effectiveness might logically reduce to some degree public compliance with the revenue laws. "The IRS is rightly concerned with its image of honesty and integrity. Members of the public, who must turn square corners in tax matters, demand no less of revenue officials." *Birnholz, supra*, at 537; *accord, Giles v. United*

*States*, 553 F.2d 647, 650 (Ct.Cl. 1977); *Hoover v. United States*, 513 F.2d 603, 605 (Ct.Cl. 1975); *see Kandall v. United States*, 186 Ct.Cl. 900, 935, *cert. denied*, 396 U.S. 837, 90 S.Ct. 98, 24 L.Ed.2d 89 (1969). Even though Mrs. Rotolo's jobs may have been less visible and discretionary than those of others disciplined for tax evasion, *e. g., Hoover, supra*, we will not require the IRS to exempt clerical employees from its insistence on full compliance with tax laws. The public, or even co–workers, *see Giles, supra*, are unlikely to distinguish among gradations of responsibility in reacting to news of IRS toleration of tax evasion among its workforce.[1]

█ We also reject appellant's argument that the penalty of dismissal was so disproportionate to the offense as to be an abuse of discretion. *See Tucker v. United States*, 624 F.2d at 1034; *Giles, supra*, 553 F.2d at 650–51 (citing cases); *Boyce v. United States*, 543 F.2d 1290, 1291, 1292 (Ct.Cl. 1976); *Power v. United States*, 531 F.2d 505, 507 (Ct.Cl. 1976), *cert. denied*, 444 U.S. 1044, 100 S.Ct. 731, 62 L.Ed.2d 730 (1980); *Rifkin v. United States*, 209 Ct.Cl. 566, 589 (1976), *cert. denied*, 429 U.S. 1098, 97 S.Ct. 1117, 51 L.Ed.2d 545 (1977); *Hoover, supra*, 513 F.2d at 607; *Heffron v. United States*, 405 F.2d 1307, 1312 (Ct.Cl. 1969).

"[A reviewing] court will normally defer to the administrative judgment on appropriate corrective action unless its severity appears totally unwarranted in light of such factors as the range of permissible punishment specified by statute or regulation, the disciplined party's job level and nature, his record of past performance, the connection between his job and the improper conduct charged, and the strength of the proof that the conduct occurred." *Giles, supra*, 553 F.2d at 650–51 (citing cases).

We also think that the degree of the employee's culpability is material and that the amount of tax liability at stake is relevant in assessing culpability. *See Boyce v. Unit-*

---

1. The case of the tax delinquent cafeteria worker hypothesized by appellant is distinguishable from hers: the cafeteria workers plays no direct role in tax collection.

ed States, supra, 543 F.2d at 1293 (de minimis amount of tax owed substantiated employees' claim of simple negligence in failing to file return); Hoover, supra, 513 F.2d at 604–05 (simple negligence ordinarily not enough to support penalty of discharge).

■ Appellant, seizing on the official's statement that she "knew or *should have known*" (emphasis added) that her joint returns understated substantial amounts of taxable income, argues that her dismissal may be based on a finding of mere negligence. We disagree. While "should have known" in some contexts connotes simple negligence, the official's findings in this case leave no doubt that he found appellant to be, at best, grossly negligent or willfully blind in submitting the 1975–1977 tax returns. Particularly in view of the emphasis placed by IRS on full compliance by employees with the tax laws, and appellant's knowledge of her obligation in this regard, her degree of culpability supports her discharge. *See Hoover, supra*, 513 F.2d at 605; *Birnholz, supra*, 199 Ct.Cl. at 539. In addition, the size of the repeated understatements of income support the IRS' action. *Compare Pascal v. United States*, 534 F.2d 1284, 1289 (Ct.Cl. 1976) *with Boyce, supra*, 543 F.2d at 1293. In view of these aggravating facts, we cannot say that the presence of such mitigating circumstances as appellant's twelve years of apparently satisfactory service make the agency decision to dismiss her an abuse of discretion.

*The petition is denied.*