Abraham GAMMAL, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD and Department of Housing and Urban Development, Respondents.

No. 81–1129.

United States Court of Appeals, First Circuit.

Argued Oct. 6, 1981.

Decided Feb. 24, 1982.

Joan C. Schmidt, Boston, Mass., with whom F. Lee Bailey, Boston, Mass., was on brief, for petitioner.

Paul E. Troy, Asst. U. S. Atty., Boston, Mass., with whom Edward F. Harrington, U. S. Atty., Boston, Mass., was on brief, for respondents.

Before COFFIN, Chief Judge, CAMP-BELL, Circuit Judge, and WYZANSKI, Senior District Judge.*

COFFIN, Chief Judge.

Appellant, Abraham Gammal, seeks review of the Merit Systems Protection Board's (the Board's) decision to affirm the removal of appellant from his position as a GS–13 Maintenance Engineer with the U.S. Department of Housing and Urban Development (HUD) in Boston. Appellant's removal was the culmination of a long series of disputes between appellant and HUD that warrant brief review to the extent that they form the basis for appellant's arguments on appeal.

After serving for seven years as a Maintenance Engineer with HUD, appellant sent a mailgram to President Carter in April, 1977, informing him of waste and mismanagement in certain HUD programs. Although the mailgram promoted the sought-after internal investigation and subsequent housecleaning, appellant subsequently claimed that it also caused HUD to deny appellant salary increases to which he was entitled, to make *de facto* changes in his job description by relieving him of supervisory responsibilities, and to remove him from employment in September, 1978, ostensibly because of a reduction in force. In separate actions the predecessor of the Board, functioning under the United States Civil Service Commission, found the denial of salary increases and the removal to be retaliatory and ordered respectively the pay increases

due and reinstatement in the same position or one of like "seniority, status and pay". Because appellant was awarded no relief from the alleged de facto changes in job description, he filed an action in federal district court seeking relief.

Appellant refused to accept the new GS–13 position offered by HUD to comply with the reinstatement order. Reorganization of HUD had resulted in the abolition of appellant's old position, and he contended primarily that the new position was not of like "seniority, status and pay" and therefore not in compliance with the reinstatement order. Despite a finding by the Board's Appeals Officer on January 23, 1980, that the new offer was in compliance, appellant refused to appear for duty. HUD informed appellant that he was absent without leave (AWOL), and, after more than seven months, during which it delayed the imposition of sanctions and urged compliance several times, completed the removal proceedings from which appellant appealed to the Board and now to this court.

The Board upheld appellant's removal because it found that the Appeals Officer had previously determined that the offer of the new job was in compliance with the reinstatement order and that the inability of HUD to reassign appellant to his former job was not a continuation of the previous reprisals against him. In addition, the Board noted that appellant's fears that he had been intentionally assigned to a position he was not competent to fulfill in order that HUD might then have reason to dismiss him did not allow him to refuse to report for duty. If he were eventually removed for inefficiency, he could allege at that time that he was not qualified to perform the assigned duties. Based on these findings, the Board concluded that appellant did not have any justification for not having reported to work and that his removal was for the permissible cause of promoting the efficiency of the federal service. 5 U.S.C. § 7513.

In sum, in the course of these events, appellant feels that he was inflicted with ignation.

* Of the District of Massachusetts, sitting by des-

three wrongs: the *de facto* change in job description, his removal due to the ostensible reduction in force, and his removal after reinstatement for failure to report to duty. We are primarily concerned with the latter removal decision, and with the other actions only to the extent that they affect this decision. Our jurisdiction is limited to the appeal from the Board's final decision affirming appellant's removal for being AWOL, and it is limited to a review to determine whether the Board's action was an abuse of discretion, unsupported by substantial evidence, or subject to procedural error. 5 U.S.C. § 7703(a)(1), (c).

■ Appellant contends first that the Board abused its discretion by accepting the Appeals Officer's determination on January 23, 1980, that appellant had been restored to his position in compliance with the reinstatement order.[1] He argues that because he was never in fact reinstated to a position comparable to that previously held, he cannot have been AWOL. We do not find, however, that the Board abused its discretion by relying on the Appeals Officer's decision. When an employee believes that an agency has not complied with a final decision issued by the Board, he may file a petition for enforcement to be reviewed by the Chief Appeals Officer. 5 C.F.R. §§ 1201.181, 1201.182. Appellant had the opportunity to do this when he concluded that the position offered to him by HUD was not in compliance with the reinstatement order. Instead, however, he chose not to appear for work, and it was the agency that eventually sought an opinion on the comparability of the new job. Although appellant might have had a slightly greater opportunity to affect the finding on comparability had he filed a petition with its accompanying statement for reasons why

he felt HUD had not complied, he did submit a letter indicating that he thought HUD's efforts lacking, and he could have expanded upon his reasons in that letter. The dispute was resolved by the director of the Office of Appeals, the same person who would have ruled on a petition for enforcement submitted by appellant. The Board cannot force appellant to take the proper procedures available upon his own initiative. In the absence of such initiative, it was justified in accepting a determination on the question of comparability that had been reached by procedures similar to those available to appellant. Appellant suffered no injustice requiring us to find that the Board abused its discretion by accepting the Appeals Officer's decision.[2]

■ Nor was it an abuse of discretion for the Board to find that appellant's alleged inadequacy for the job was a factor to be considered not at the present, but if and when appellant were ever dismissed for inadequate performance. When an agency wishes to remove an employee to "promote the efficiency" of the agency, as it would if the employee were incapable of performing the assigned duties, the employee is entitled to respond to the proposed removal by submitting reasons why he should not be removed. *See* 5 U.S.C. § 7513. We cannot say that it was an abuse of discretion for the Board to find that appellant should have asserted a defense of inadequacy during a removal proceeding after he has started working rather than during a removal proceeding instigated because he refused to work for fear of inadequacy. *Cf. Rotolo v. Merit Systems Protection Board*, 636 F.2d 6, 8 (1st Cir. 1980); *Hurley v. United States*, 575 F.2d 792, 793 (10th Cir. 1978). Although the Board places the burden on the

---

1. Without passing on the merits of the holding that appellant's putative new position was of like seniority, status, and pay to the old one, we observe few differences in the two or three first paragraphs of each job description and practically verbatim identity in the ten remaining paragraphs.

2. Although we note that we do not think that protest through passive resistance of the type in which appellant engaged promotes an order-

ly system for the resolution of employment disputes, we need not decide whether an employee is ever justified in asserting the lack of compliance as a defense for failure to report to duty when the opportunity exists to seek a determination on whether the agency has complied. We need only find here that the Board did not abuse its discretion in finding that defense inadequate in this instance.

employee to try to perform, to allow the employee to protest without first trying would severely impair the agency's ability to plan for and to proceed with its normal functions. While we can understand that appellant's confidence in the intentions of HUD and its willingness to comply in good faith with the reinstatement order may have been shattered by his past experiences, his suspicion of wrongdoing in this instance cannot justify a finding that the Board must reach a conclusion other than the one it has chosen.[3]

Appellant also, despite his earlier demand for an expeditious decision by the Board on his appeal, contends that the Board should have stayed its proceedings pending the outcome of the case filed in district court. Appellant reasons first that the Board should not have concluded that the new job was comparable while the action is pending in district court on the issue whether appellant suffered any *de facto* changes in his job responsibilities before he was wrongly discharged. Any alleged changes in the actual duties performed by appellant before his dismissal and reinstatement, however, would not have affected the Appeals Officer's determination about comparability because that officer relied upon a comparison of the formal job descriptions rather than a detailing of the actual functions performed in reaching his conclusion that HUD had complied with the reinstatement order.

Appellant's second argument for a stay—that a decision by the Board moots some of appellant's claims for relief in district court—is equally unpersuasive. Although the Board's decision that appellant was properly removed from service will make inappropriate some relief, such as appellant's request for reinstatement to his duties before the alleged *de facto* changes in his responsibilities, this provides no reason to stay the Board's actions. Appellant

has pursued separate routes for review for two different events that have occurred in the course of his employment. The fact that a decision about the second, later alleged wrong precludes some relief attainable to remedy the first alleged wrong does not mean that a correct decision on the second wrong should be deferred. In fact, in this instance the district court has stayed its proceedings pending our decision, an action that seems entirely reasonable under the circumstances.

*The decision of the Merit Systems Protection Board upholding appellant's removal is affirmed.*

**3.** We note also the possibility that appellant might have been able to assert his claim that he had been assigned to the new position in bad faith by grieving through the procedures established by agreement between the union and the agency. Assuming that appellant was an employee covered by the agreement, this would have offered him an avenue for seeking relief prior to the institution of removal proceedings on the grounds of inadequacy.