824 F.2d 976
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Bruce J. WADDELL, Petitioner,
v.
U. S. POSTAL SERVICE, Respondent.
 Appeal No. 86-1638
 United States Court of Appeals, Federal Circuit.
 March 11, 1987.
 
 Before MARKEY, Chief Judge, FRIEDMAN, Circuit Judge, and RE, Chief Judge.*
 FRIEDMAN, Circuit Judge.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (Board), upholding the removal of the petitioner by the United States Postal Service (Postal Service), is affirmed.
 
 OPINION
 
 2
 * The Postal Service removed the petitioner from his position as a postal inspector for submitting (1) false and fraudulent claims for relocation expenses in three travel vouchers, and (2) a reimbursement claim for living expenses that included items for which reimbursement was not authorized. The vouchers and reimbursement claim covered expenses the petitioner incurred in connection with his travel and temporary living arrangements, resulting from his transfer to a new place of employment.
 
 
 3
 The three false vouchers involved (1) a claim for 'supplies' that actually was for a haircut and shampoo, (2) charges for three meals in a restaurant that were deliberately inflated, and (3) a restaurant check covering expenses for other than eligible members of his family that had been altered to show that four rather than nine persons had been served (the petitioner was entitled to reimbursement of meal expenses only for himself, his wife, and their child). The expenses for which reimbursement was improperly sought were incurred while the petitioner was living in temporary housing at his new place of employment. They covered such items as children's and women's clothing, jewelry, toys, paint, and cleaning supplies.
 
 
 4
 The petitioner did not deny that the vouchers he submitted were false or that he sought reimbursement for items not properly reimbursable. He testified that he was unaware that the vouchers and reimbursement claim were improper because he had relied upon his wife's handling of the records for travel and living expenses. He explained that during the travels his wife placed the receipts that he gave her in a 'receipts' book that she kept, her procedure being to staple the receipts for each day to a particular page in the book covering each date; and that, in the language of the presiding official's decision, 'in completing his travel voucher for each day, he simply totaled the dollar amounts entered by his wife in the 'receipts' book' without checking the individual receipts.
 
 
 5
 The petitioner stated that this was the same procedure he and his wife had followed in connection with reimbursement of expenses incurred a year earlier upon a prior transfer of place of employment. He concluded that since no questions had been raised about those vouchers, the procedure was proper here. The petitioner attributed his filing of the false vouchers and improper reimbursement claim to a lack of communication with his wife.
 
 
 6
 The testimony of the petitioner's wife accorded with the petitioner's explanation. She testified that she routinely stapled the receipt covering the haircut and shampoo to the designated date page in the 'receipt book'; that she filled out the restaurant checks for the three meals several days after the meals were eaten on the basis of her approximation of the amount spent; and that she had altered the restaurant check to reduce from nine to four the number of persons served. With respect to the claim for living expenses that were not reimbursable, the wife stated that she had placed certain items in the 'receipt book' that she knew were not 'claimable.'
 
 
 7
 The presiding official reversed the removal of the petitioner. He found that the 'undisputed testimony' of the petitioner and his wife was 'credible' and noted that he was 'favorably impressed' by their demeanor. Based upon the credibility determination, the presiding official concluded that none of the charges was supported by a preponderance of the evidence because the agency had not shown that the petitioner's filing of false and improper claims was intentional. According to the presiding official, 'the agency has demonstrated, at most, that the [petitioner] was negligent in filling out his travel voucher.'
 
 
 8
 The full Board reversed the initial decision of the presiding official and sustained the removal. The Board recognized that it 'must afford special deference' to a presiding official's credibility determinations that are based upon a witness's demeanor, but noted that the presiding official's findings were entitled to 'only so much weight as may be warranted by the record and the strength of the presiding official's reasoning.'
 
 
 9
 The Board stated that although the three charges of falsification or fraud 'can be sustained only upon a finding of intent to deceive or mislead . . . [s]pecific intent may be inferred when a misrepresentation is made with a reckless disregard for the truth or with a conscious purpose to avoid learning the truth.' (Citation omitted.) The Board held that under the latter standard the agency had shown 'specific intent' in view of 'the duties required of [the petitioner] in his position, his signature impliedly certifying the correctness of the information contained in the voucher, and [his] previous experience in making claims for relocation expenses.' It held that the petitioner's 'claim that he did not review the documentation provided to support the claims he certified to be correct in his travel voucher is not sufficient to overcome the showing of specific intent which we find the agency has made.'
 
 
 10
 The Board further ruled that the petitioner's 'misconduct which resulted in lack of absolute confidence by [his] supervisors in his trustworthiness, integrity, and credibility, reasonably warrants the penalty of removal.' In so ruling, the Board pointed out that the petitioner 'is employed as a law enforcement officer occupying a position of great trust and responsibility. He is required to certify numerous documents, such as evidence taken during search warrants, affidavits, and audit workpapers. Thus, [the petitioner's] actions constitute a serious breach of the employer-employee relationship.'
 
 II
 
 11
 A. The petitioner contends that the Board's reversal of the presiding official's decision rests upon the Board's impermissible rejection of the presiding official's credibility determinations. According to the petitioner, since the presiding official found, based upon those determinations, that the petitioner's filing of the false claims was not intentional but, at most, was negligent, the Board had no warrant to reverse that decision unless it reversed the credibility determinations which the Board had no basis for doing.
 
 
 12
 That, however, was not the basis of the Board's decision. As we read the Board's opinion, the Board did not reverse the presiding official's credibility determinations. Instead, it concluded that those determinations did not justify the presiding official's decision. This was because the presiding official erred in assuming that the intent necessary to show that the petitioner intentionally filed false and fraudulent claims could only be determined by direct evidence that the petitioner subjectively intended to do so. To the contrary, as the Board held, such intent also could be shown if the petitioner filed false claims 'with a reckless disregard for the truth or with a conscious purpose to avoid learning the truth.' See Rotolo v. Merit Systems Protection Bd., 636 F.2d 6, 9 (1st Cir. 1980) (removal upheld where employee's conduct was 'at best . . . grossly negligent or willfully blind').
 
 
 13
 The evidence in this case shows that the petitioner had certified the claims as correct without examining them or checking their correctness or accuracy. This conduct by the petitioner constituted gross negligence, particularly when done by a postal inspector, and established intentional filing of the false and fraudulent claims.
 
 
 14
 B. The petitioner argues that the Postal Service failed to show a nexus between his misconduct and the efficiency of the service. There are some offenses, however, 'such as the theft of government property or falsification of government records, which make a nexus between the forbidden conduct and the efficiency of the service 'obvious on the face of the facts." Gonzales v. Defense Logistics Agency, 772 F.2d 887, 889 (Fed. Cir. 1985) (citations omitted). This is such a case.
 
 
 15
 C. The petitioner argues that the penalty of removal was improper because it was (1) disproportionate to the offense and therefore excessive, and (2) inconsistent with lesser penalties imposed upon other postal inspectors for similar offenses.
 
 
 16
 1. 'Determination of an appropriate penalty is a matter committed primarily to the sound discretion of the employing agency.' Hunt v. Department of Health and Human Services, 758 F.2d 608, 611 (Fed. Cir. 1985). Considering all the circumstances, we cannot say that the Postal Service abused its discretion in selecting removal as the proper penalty for the petitioner's misconduct.
 
 
 17
 As the Board pointed out in affirming the penalty, the petitioner's job as a postal inspector was a law enforcement position that required him to check and certify the accuracy and correctness of numerous documents. His gross negligence in certifying as correct his own false claims for reimbursement led his supervisors to lose confidence in his 'trustworthiness, integrity, and credibility.' The postal service was fully justified in removing him.
 
 
 18
 2. No two cases of misconduct are alike, and the fact that lesser penalties may have been imposed in other cases for allegedly similar misconduct does not show that the more severe penalty imposed in this case was unreasonable. In any event, '[u]nevenness in application of a penalty is not a ground for invalidating it.' Schapansky v. Department of Transportation, 735 F.2d 477, 485 (Fed. Cir. 1984), cert. denied, 469 U.S. 1018 (1984).
 
 
 
 *
 Edward D. Re, Chief Judge, United States Court of International Trade, sitting by designation