Bruce A. McKOWEN, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent.

No. 82–1223.

United States Court of Appeals, First Circuit.

Submitted Nov. 5, 1982.

Decided March 25, 1983.

Order on Denial of Rehearing May 27, 1983.

Kevin G. Powers and Johnson & Powers, P.C., Lynn, Mass., on brief, for petitioner.

William F. Weld, U.S. Atty., and John W. Laymon, Asst. U.S. Atty., Boston, Mass., on brief, for respondent.

Before COFFIN, Chief Judge, CAMP-BELL and BREYER, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

Bruce A. McKowen appeals from a final decision of the Merit Systems Protection Board ("the Board") sustaining his termination as a voucher examiner at Defense Contract Administration Services ("the Agency"). The Board's action reversed an initial decision by a presiding official canceling the termination. On appeal McKowen argues: (1) that the presiding official's decision was final because the Agency's appeal was not timely filed; (2) that the presiding official properly found McKowen to have a handicap which the Agency had failed to accommodate; and (3) that the Agency failed to give adequate weight to his emotional condition in determining the appropriate sanction for his conduct.

McKowen was terminated in May 1980 for his third incident of insubordination, after ten years employment with the Agency. The offending conduct occurred on March 28, 1980 when McKowen approached his supervisor's desk and declared: "I'm tired of being told about goddam missing cards and folders." When the supervisor objected to his use of profanity, McKowen replied in the presence of other employees and supervisors, "Stick it in your ear." McKowen was informed of the proposed removal in an April 3 letter from his supervisor.

Prior to March 1980, McKowen had been verbally admonished twice and suspended twice for similar insubordinate conduct. The first suspension was for an incident in May 1978 when a supervisor refused to approve McKowen's request for overtime work because his work count was too low. McKowen shouted at the supervisor and threatened to meet him outside. McKowen did not deny that his conduct had been as the Agency described, but claimed that he had been under stress because of a negative performance determination and his efforts to improve. The suspension was reduced from five days to three.

The second incident occurred in September 1979 during a bi-weekly counseling session with his supervisors and a union representative. The counseling sessions were aimed at improving McKowen's productivity and performance. Objecting to the explanation of his errors and using abusive and profane language, McKowen loudly criticized the supervisors and the sessions and attempted to leave the meeting. The imposition of the second suspension, which was reduced from ten days to five, was delayed until January 1980 to allow McKowen a recovery period following his enrollment in the Employee Assistance Program. The Agency also forebore any other disciplinary actions during this period. McKowen did not appeal from either of the two suspensions.

In appealing from the decision to remove him for the third offense, McKowen did not dispute that the Agency described his conduct accurately. But he argued at a hearing on July 11, 1980 before a presiding official of the Board that his conduct did not constitute insubordination and that even if it did the penalty was too severe in view of his emotional problems. The presiding official responded to this latter line of argument by asking whether McKowen was "alleging discrimination because of a handicapping condition." Counsel for McKowen responded that although his client's mental state was important for understanding the case, "[w]e're not alleging today that Mr. McKowen was discriminated against based on a handicap."

On August 19 the presiding official issued an initial decision. Although he determined that the charged conduct could properly be termed insubordination, he found "that the evidence is sufficient to establish that the appellant was laboring under a handicapping condition, namely, a chronic emotional disorder," *citing* 29 C.F.R. § 1613.701 *et seq.* The official acknowledged that discrimination had not been alleged but concluded that the issue had been raised and that McKowen had made out a prima facie case. He also determined that the Agency had failed to accommodate McKowen or show that such accommodation would have created an undue hardship on it. The official ordered that the removal be canceled and stated that the decision would be final

on September 23, 1980 unless a petition for review was filed on or before that date pursuant to 5 C.F.R. § 1201.113.

Apparently on September 22, assistant counsel for the Agency called the Board to request an extension of five working days because she had just received the information necessary for preparing the appeal, having been on an extended sick leave at the time the decision was rendered. That telephone request was followed by a letter written the same day and received by the Board on September 23. In an order dated September 26, but not received by the Agency until September 30, the Board allowed an extension until September 29. On September 30, five working days after the September 23 letter, the Agency filed its petition for review, captioned a "petition to reopen and reconsider," and a brief in support of the petition.

On appeal to the full Board, the Agency argued that the presiding official was not entitled to raise the handicap defense sua sponte, particularly since McKowen had been represented by counsel and had waived the defense, that in any case McKowen does not meet the definition of handicapped in 29 C.F.R. § 1613.702, and that even if McKowen did qualify as a handicapped individual, the Agency had done all that it could to accommodate him. In opposing the Agency's petition for review, McKowen inter alia raised the issue of the timeliness of the Agency's appeal.

Finding that the petition for review met the requirements of 5 C.F.R. § 1201.115 and that the Agency's explanation for the delay in filing constituted good cause under 5 C.F.R. § 1201.12, the Board allowed review of the presiding officer's initial decision pursuant to 5 U.S.C. § 7701(e)(1). It found first that an allegation of discrimination based on a handicapping condition "is an affirmative defense that must be pled and proved by the appellant who asserts it," *citing* 5 C.F.R. § 1201.56(b). The Board further found that McKowen, who was represented by counsel at the hearing, had waived that defense and that therefore it was error to find that the Agency failed to rebut a prima facie case because in view of the waiver, the Agency had no notice that discrimination was an issue. The Board concluded that even if the presiding official could properly raise the handicapped defense sua sponte, the presiding official had not determined that McKowen was a handicapped individual. Finally, the Board found that the Agency had already taken McKowen's emotional problems into account in mitigation of the prior instances of insubordination without noticeable improvement, and that it was therefore justified in removing him for the third offense. McKowen appeals.

Turning first to McKowen's claim that the Agency's appeal was untimely and that therefore the presiding official's initial decision became the final decision, we think the Board properly considered the Agency's petition for review. There was nothing improper in the Agency's ex parte request for an extension of time for it did not involve the merits of the case, 5 C.F.R. § 1201.-101(a), and the request was also made in writing. *Id.;* 5 C.F.R. § 1201.55. The Board's finding that the Agency had shown good cause for an extension is consistent with the Board's findings in other cases. *See, e.g., Alonzo v. Dept. of the Air Force,* 79–81 F.M.S.R. ¶ 7032 (1980); *Purifoy v. U.S. Office of Personnel Management,* 82 F.M.S.R. ¶ 5197 (April 22, 1982), *appeal dismissed,* No. 82–7317 (9th Cir. October 2, 1982). This interpretation is controlling since it is neither plainly erroneous nor inconsistent with the regulation. *Cheshire Hospital v. New Hampshire-Vermont Hospitalization Services, Inc.,* 689 F.2d 1112, 1117 (1st Cir.1982).

As to the handicap issue, 5 C.F.R. § 1201.56(b)(2) requires that the Board overturn Agency action "in any case where the *appellant ... [d]emonstrates* that the decision was based on any prohibited personnel practice described in 5 U.S.C. § 2302(b)" (emphasis added). Here not only did McKowen, represented by competent counsel, explicitly waive the handicap defense, but he did not present the requisite evidence. In addition to raising the defense, the employee must show that he is a qualified handicapped person under 29 C.F.R. § 1613.702(f). Once he has shown that he is handicapped, which we are not convinced that McKowen did show, he must also show that he can perform the essential functions of the position, and articulate any reasonable accommodations the Agency should have made. *Clancy v. Dept. of the Navy,* 6 M.S.P.B. 173, 175 (1981). Here, the record contains evidence that McKowen had emotional problems, and that he sought help from the Employee Assistance Program and in outside treatment. But it seems to us that this evidence was presented to support the argument that the penal-

ty was too severe, not to show that he had suffered discrimination as required by the regulations. The mere fact that McKowen presented evidence of his emotional condition does not mean that the defense was raised. *Randall v. United States Postal Service,* 79–81 F.M.S.R. ¶ 5501 (1981), cited by McKowen is not to the contrary. In that case the employee did not explicitly waive the defense, moreover, she had an "unblemished work record" over six years.

■ Finally, McKowen argues that removal was an unreasonable penalty for his outburst. Recently we stated that "penalty determinations are judgment calls that should be left to the discretion of the employing agency." *Weiss v. United States Postal Service,* 700 F.2d 754 at 758 (1st Cir.1983). Here McKowen does not deny that he behaved as charged. The factual determination is therefore adequately supported. *Id.* at 758–759. We do not think the Board's determination, that having given McKowen several previous opportunities to improve his behavior, the Agency could properly remove him when he continued to explode at his superiors, was an abuse of discretion. *Id.* at 758; *McDonough v. United States Postal Service,* 666 F.2d 647, 651 n. 4 (1st Cir.1981); *Rotolo v. Merit Systems Protection Board,* 636 F.2d 6, 8 (1st Cir. 1980).

*Affirmed.*

### MEMORANDUM AND ORDER

Appellant's petition for a rehearing is denied. The court did not fail to consider or to rule on issues in his brief. Nor are appellant's arguments correct. The Board explicitly stated that the Agency's petition for review met the requirements of 5 C.F.R. § 1201.115. It then found that the presiding official's interpretations of 5 C.F.R. §§ 1201.56(b) and 1201.155 were erroneous. Once a petition for review meets the requirements of 5 C.F.R. § 1201.115, the Board may affirm, reverse, remand, modify, or vacate the decision of a presiding official in whole or in part. 5 C.F.R. § 1201.116(b). "The Board, like any other agency, is entitled to substitute its judgment for that of one of its hearing examiners." *McDonough v. United States Postal Service,* 666 F.2d 647, 648 n. 1 (1st Cir.1981) (citations omitted).

*So ordered.*