756 F.2d 166
 244 U.S.App.D.C. 145, 1 Fed.R.Serv.3d 1080
 INTERSTATE NATURAL GAS ASSOCIATION OF AMERICA, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
Mobil Oil Corporation, et al., General American Oil Company
of Texas, Phillips Petroleum Company, Pennzoil Company,
Mississippi River Transmission Corp., Shell Oil Company,
Exxon Corporation, Laclede Gas Company, Getty Oil Company,
Louisiana Land & Exploration Company, Associated Gas
Distributors, Northern Natural Gas Company, Texas Gas
Transmission Corporation, Texaco, Inc., Tenneco Oil Company,
Houston Oil and Minerals Corporation, Gulf Oil Corporation,
Placid Oil Company, Aminoil, USA, Inc., et al., Intervenors.
MICHIGAN WISCONSIN PIPELINE COMPANY, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
Mobil Oil Corporation, et al., Amoco Production Company,
General American Oil Company of Texas, Phillips Petroleum
Company, Pennzoil Company, Exxon Corporation, Shell Oil
Company, Tenneco Oil Company, Union Oil Company of
California, Louisiana Land & Exploration Company, Getty Oil
Company, Associated Gas Distributors, Laclede Gas Company,
Sun Oil Company, Arco Oil & Gas Company, Placid Oil Company,
Texaco, Inc., Gulf Oil Corporation, Intervenors.
TRANSCONTINENTAL GAS PIPE LINE CORPORATION, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
Mobil Oil Corporation, General American Oil Company of
Texas, Phillips Petroleum Company, Pennzoil Company, Shell
Oil Company, Associated Gas Distributors, Getty Oil Company,
Louisiana Land & Exploration Company, Texaco, Inc., Exxon
Corporation, Sun Oil Company, Tenneco Oil Company, Houston
Oil and Minerals Corporation, Gulf Oil Corporation, Placid
Oil Company, Intervenors.
NATURAL GAS PIPELINE COMPANY OF AMERICA, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
Mobil Oil Corporation, et al., General American Oil Company
of Texas, Phillips Petroleum Company, Pennzoil Company,
Shell Oil Company, Laclede Gas Company, Associated Gas
Distributors, Getty Oil Company, Louisiana Land &
Exploration Company, Texaco, Inc., Sun Oil Company, Chevron,
USA, Exxon Corporation, Tenneco Oil Company, Houston Oil and
Minerals Corporation, Gulf Oil Corporation, Placid Oil
Company, Intervenors.
LONE STAR GAS COMPANY, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
General American Oil Company of Texas, Phillips Petroleum
Company, Pennzoil Company, Shell Oil Company, Laclede Gas
Company, Louisiana Land & Exploration Company, Getty Oil
Company, Associated Gas Distributors, Valero Transmission
Company, Texaco, Inc., Exxon Corporation, Sun Oil Company,
Tenneco Oil Company, Houston Oil and Minerals Corporation,
Gulf Oil Corporation, Placid Oil Company, Panhandle Eastern
Pipe Line Co., et al., Intervenors.
LACLEDE GAS COMPANY, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent.
LONE STAR GAS COMPANY, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
Exxon Corporation, Conoco Inc., General American Oil Company
of Texas, Pennzoil Company, Tenneco Oil Company, Union Oil
Co. of California, Getty Oil Company, Aminoil USA, Inc.,
Gulf Oil Corporation, Texaco, Inc., Mobil Oil Corporation,
et al., Houston Oil and Minerals Corporation, Shell Oil
Company, Atlantic Richfield Company, Sun Exploration and
Production Co., Intervenors.
ASSOCIATED GAS DISTRIBUTORS, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent.
 Nos. 81-1680, 81-1690--81-1692, 81-1696, 81-1802, 82-1004
and 82-1177.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Jan. 4, 1985.
Decided March 5, 1985.
 
 On Motion for Order Directing Compliance with Mandate.
 Frederick Moring, Washington, D.C., for petitioner, Associated Gas Distributors, on Motion for Order Directing Compliance with Mandate.
 Jerome M. Feit, Sol., F.E.R.C., Washington, D.C., for respondent F.E.R.C., with whom Joel M. Cockrell, Atty., F.E.R.C., Washington, D.C., was on response to the Motion for Order Directing Compliance with the Mandate.
 John H. Cheatham, III, Washington, D.C., for petitioner, Interstate Natural Gas Ass'n of America, was on response to the Motion for Order Directing Compliance with the Mandate.
 Kenneth J. Neises, Washington, D.C., for petitioner, Laclede Gas Co., was on response to the Motion for Order Directing Compliance with Mandate.
 J. Paul Douglas, Carroll L. Gilliam, Washington, D.C., and Robert D. Haworth, Houston, Tex., for intervenors, Producers, were on response to the Motion for Order Directing Compliance with Mandate.
 L. Charles Landgraf and Raymond N. Shibley, Washington, D.C., for intervenors, Panhandle Eastern Pipe Line Co., et al., were on response to the Motion for Order Directing Compliance with Mandate.
 Glen S. Howard and Edward J. Grenier, Jr., Washington, D.C., for intervenors, Process Gas Consumers Group, et al., on Motion for Order Directing Compliance with Mandate.
 Robert F. Shapiro, Chevy Chase, Md., and Rigdon H. Boykin, New York City, for intervenor, American Paper Institute, Inc., were on response to the Motion for Order Directing Compliance with Mandate.
 Before ROBINSON, Chief Judge, MIKVA and SCALIA, Circuit Judges.
 Opinion for the Court Per Curiam.
 
 
 1
 Concurring Opinion filed by Circuit Judge SCALIA.
 
 
 2
 PER CURIAM.
 
 
 3
 On August 9, 1983, this court issued its opinion in Interstate Natural Gas Association of America v. FERC, 716 F.2d 1 (D.C.Cir.), cert. denied, --- U.S. ----, 104 S.Ct. 1615, 1616, 80 L.Ed.2d 144 (1983) (Interstate ). We held that under the Natural Gas Policy Act of 1978, 15 U.S.C. Sec. 3301, et seq. (1982), the Federal Energy Regulatory Commission's "dry" method of measurement of the Btu content of natural gas for wellhead pricing purposes was improper and resulted in prices in excess of those permitted under the statute. We instructed FERC to vacate its Order designating the "dry" method. Two consequences of our decision were inexorable: implement the proper pricing method for future pricing decisions, and remedy the effects of past use of the improper pricing method at the earliest possible moment.
 
 
 4
 The Interstate parties are before us again, in response to the motion of petitioner Associated Gas Distributors to enforce our mandate in Interstate. For the reasons stated below, we direct FERC to implement the refund procedures set forth in Order No. 399.
 
 I.
 
 5
 Following the issuance of our mandate, FERC moved to comply with its terms. FERC issued a rule requiring wet pricing henceforth, 49 Fed.Reg. 3072 (1984). In further implementation of our holding in Interstate, FERC issued Order No. 399 which directed producers to refund the excessive costs arising from use of the improper "dry" method of calculation:
 
 
 6
 The Federal Energy Regulatory Commission (Commission) is amending and finalizing its regulations that establish refund procedures for overcharges resulting from adjustments to the calculation of energy content of natural gas ... sold pursuant to the Natural Gas Policy Act of 1978. In so doing, the Commission is implementing [this court's] decision in Interstate Natural Gas Association of America v. Federal Energy Regulatory Commission.
 
 
 7
 49 Fed.Reg. 37735 (1984) (footnote and citation omitted).
 
 
 8
 Order No. 399, issued pursuant to the requisite notice and comment, established a system of refunds that fulfilled the premises of our decision. Under the Order, producers of natural gas were to refund to pipelines the overcharges made under the improper "dry" method. These refunds were to be paid over by the pipelines to natural gas customers who had, in the first instance, paid these excessive charges. Under the Order, "large producers" were to have refunded their overcharges on November 5, 1984, while "small producers" were scheduled to issue their refunds on May 3, 1985. To date, no refunds have been made.
 
 
 9
 FERC explicitly prohibited producers from offsetting their refund obligations against any monies owed them by the pipelines. Order No. 399, 49 Fed.Reg. 37738-39. This prohibition had particular reference to claims the producers had made for additional monies due them under Section 110 of the Natural Gas Policy Act. FERC has issued Order No. 94-A allowing producers to collect these "Section 110 costs" from pipelines. 48 Fed.Reg. 5152 (1983). Order No. 94-A is now under review in the United States Court of Appeals for the Fifth Circuit. Texas Eastern Transmission Corp. v. FERC, No. 83-4390 (5th Cir. filed 1983).
 
 
 10
 In rejecting the use of offsets, FERC recognized not only that many of the Section 110 costs owed had not been paid, but also that tying these unrelated and disputed costs to refund of the improper "dry" charges would delay and disrupt the implementation of our decision. FERC stated in Order 399:
 
 
 11
 The Commission also believes that permitting offsets of section 110 costs and Btu refunds would complicate an already difficult process and would make Commission monitoring of Btu refunds more difficult. In addition, the Commission is concerned that permitting pipelines and firstsellers to offset section 110 costs and Btu refunds could prevent the Btu refunds from reaching as many of the customers actually overcharged as possible. Considering that the section 110 orders are also subject to judicial review, the Commission believes it is more appropriate to segregate the collection of section 110 costs from the Btu refunds.
 
 
 12
 49 Fed.Reg. 37739.
 
 
 13
 Two months after issuing Order No. 399, FERC abruptly reversed its position on offsets, and, in Order No. 399-A, 49 Fed.Reg. 46353 (1984), FERC, without addressing the weighty rationale behind its earlier Order, authorized producers to offset their refund obligations by deducting monies due them under Section 110.
 
 II.
 
 14
 Associated Gas Distributors has moved this court for an order commanding FERC to comply with our mandate by directing producers to make appropriate refunds to pipelines immediately, as set forth in Order No. 399. A petition for review of Orders No. 399 and 399-A is currently pending in the Fifth Circuit. See Mobil Oil Exploration & Producing Southeast Inc. v. FERC, No. 84-4775 (5th Cir. filed Nov. 20, 1984). The Fifth Circuit, however, has issued an order delaying filing of the administrative record in Mobil until after this court issues its ruling in the present case. Accordingly, jurisdiction in the instant matter properly lies in this court. See 15 U.S.C. Sec. 3416(a)(4).
 
 
 15
 The availability of mandamus to confine FERC to the terms of this court's mandate is fully supported by precedent. See, e.g., Briggs v. Pennsylvania R.R., 334 U.S. 304, 306, 68 S.Ct. 1039, 1040, 92 L.Ed. 1403 (1948); Yablonski v. UMW, 454 F.2d 1036, 1038-39 (D.C.Cir.1971), cert. denied, 406 U.S. 906, 92 S.Ct. 1609, 31 L.Ed.2d 816 (1972). FERC protests, however, that our mandate did not reach so far as to preclude the offset authorized by Order No. 399-A. We need not enter the debate over the propriety of resort to mandamus in this case, because, in any event, Associated Gas Distributors' motion to enforce the mandate may be treated as a petition to review that order.
 
 
 16
 Federal appellate courts have broadly recognized that the filing of a paper substantially equivalent to one that formally inaugurates the normal review process may well suffice for that purpose. Thus the need for a notice of appeal may be satisfied by any of a variable host of filings evincing unequivocably an intention to appeal. See, e.g., Belton v. United States, 259 F.2d 811, 814 (D.C.Cir.1958) (en banc ) (letter requesting leave to appeal in forma pauperis) (citing cases); Riffle v. United States, 299 F.2d 802 (5th Cir.1962) (letter to judge of court of appeals). The reason is that the content requirements of a notice of appeal, see Fed.R.App.P. 3(c), may easily be met by a document of similar import, and the interests of justice may demand its acceptance as an effective substitute. See 6 C. Wright, A. Miller, E. Cooper & E. Gressman, Federal Practice Sec. 3949 at 356-57. Indispensably, any such filing must take place within the period allowed for initiation of an appeal. Alley v. Dodge, 501 F.2d 880, 881-82 (D.C.Cir.1974); see also Johnson v. United States, 405 F.2d 1072, 1073 n. 6 (D.C.Cir.1968).
 
 
 17
 These considerations exert equal force in the situation before us. A petition for review need only "specify the parties seeking review and designate the respondent and the order or part thereof to be reviewed," Fed.R.App.P. 15(a), and undeniably Associated Gas Distributors' motion did that. The motion, filed the day following issuance of Order No. 399-A, was well within the time petitions for review are indulged, and the relief sought is as much obtainable on direct review of the agency's action as it is in a mandamus proceeding. Indeed, precisely because direct review and mandamus may provide identical relief, these two judicial actions may be sought in the alternative. See, e.g., United States v. Green, 499 F.2d 538, 539-40 & nn. 4, 5 (D.C.Cir.1974); Chase v. Robson, 435 F.2d 1059, 1060, 1062 (7th Cir.1970). We have heretofore held that a petition for mandamus can do service as a petition for review. National Organization for Reform of Marijuana Laws v. Ingersoll, 497 F.2d 654, 656 n. 3 (D.C.Cir.1974). Similarly, petitions for mandamus have been treated as notices of appeal, United States v. Green, 499 F.2d at 540 n. 5; Jordan v. United States District Court, 233 F.2d 362, 365, (D.C.Cir.), vacated on other grounds, 352 U.S. 904, 77 S.Ct. 151, 1 L.Ed.2d 114 (1956), and vice versa, Dellinger v. Mitchell, 442 F.2d 782, 789 (D.C.Cir.1971); Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 197 (3d Cir.), cert. denied, --- U.S. ----, 104 S.Ct. 349, 78 L.Ed.2d 315 (1983). Because the parties to the instant case have amply addressed the merits, no one will be prejudiced by considering Associated Gas Distributors' motion to enforce the mandate as a petition for review.
 
 III.
 
 18
 Turning then to the substance of the dispute before us, we conclude that the offset provision contained in Order No. 399-A must be set aside. As stated above, FERC issued Order No. 399, in which offsets were explicitly prohibited. Shortly thereafter, FERC issued Order No. 399-A, in which offsets were permitted. While an agency may change its course, it can do so only with a full and complete explanation that would withstand judicial review. FERC's Order No. 399-A does not meet that requirement. Without such an explanation, the agency's decision may be arbitrary and capricious. Dunlop v. Bachowski, 421 U.S. 560, 577, 95 S.Ct. 1851, 1862, 44 L.Ed.2d 377 (1975). More fundamentally, Order No. 399-A defies the teaching of the Supreme Court in FPC v. Tennessee Gas Transmission Co., 371 U.S. 145, 83 S.Ct. 211, 9 L.Ed.2d 199 (1962) (Tennessee Gas ). In that case, the Court held that refunds must be implemented expeditiously:
 
 
 19
 [I]t is the duty of the Commission ..., where refunds are due, to direct their payment at the earliest possible moment consistent with due process.
 
 
 20
 Id. at 155, 83 S.Ct. at 216-17. The rationale for prompt ordering of refunds is clear: "to afford consumers a complete, permanent and effective bond of protection from excessive rates and charges." Atlantic Refining Co. v. Public Service Commission, 360 U.S. 378, 388, 79 S.Ct. 1246, 1253, 3 L.Ed.2d 1312 (1959). The Court in Tennessee Gas required immediate refunds even though delaying refunds would have allowed a more accurate allocation of the burden of payment to the gas pipeline, and the immediate payment ordered might have resulted in some loss to the pipeline due to the inaccurate allocation.
 
 
 21
 FERC's prohibition of offsets was well-considered. The controversy over production-related costs to be recouped by producers under Section 110 constitutes unsettled litigation wholly separate from the instant case. As such, permitting producers to offset their refund obligations would bring delay and confusion into an already complex area. Moreover, the principles of law and the customers involved in the refund arrangement are far from identical to those implicated in the Section 110 costs proceedings. By prohibiting offsets, FERC designed the system most likely to assure that customers will receive refunds due them. Involving disparate issues in a matter on appeal to another court can only complicate, delay, and obfuscate the refunds at issue here.
 
 
 22
 The law requires the ordering of refunds at the earliest possible moment. That moment has come and gone. The offset scheme embodied in Order No. 399-A will only further delay refund of the overcharges, circumventing our mandate in Interstate and the clear instruction of the Supreme Court in Tennessee Gas. We accordingly grant the relief sought by petitioner Associated Gas Distributors. We hereby direct FERC to vacate the offset portion of Order No. 399-A, for the reasons set forth in its own Order No. 399.
 
 
 23
 It is so ordered.
 
 SCALIA, Circuit Judge, dissenting:
 
 24
 Regardless of whether it was arbitrary, capricious, or otherwise unlawful for the Commission to provide for the set-off here challenged (a matter on which I express no opinion), that action did not contravene our order in Interstate Natural Gas Ass'n of America v. FERC, 716 F.2d 1 (D.C.Cir.1983), cert. denied, --- U.S. ----, 104 S.Ct. 1615, 80 L.Ed.2d 144 (1984). That order merely directed the Commission to vacate its rule regarding the manner of computing gas volume, see 18 C.F.R. Sec. 270.204 (1983), which the Commission has done. See Interpretative Rule for Btu Measurement Standard Under the Natural Gas Policy Act, 49 Fed.Reg. 3072 (1984) (codified at 18 C.F.R. Sec. 270.204 (1984)). Even if it be true that a failure to make the prompt refunds that are legally required as a result of vacating the rule would justify mandamus, the Commission retains discretion to determine both the amount and the manner of refund, and appeal rather than mandamus is the only permissible means of asserting that that discretion has been abused. See Quern v. Jordan, 440 U.S. 332, 347 n.18, 99 S.Ct. 1139, 1148 n.18, 59 L.Ed.2d 358 (1979); In re Sanford Fork & Tool Co., 160 U.S. 247, 256, 16 S.Ct. 291, 293, 40 L.Ed. 414 (1895); Gaines v. Rugg, 148 U.S. 228, 239, 13 S.Ct. 611, 615, 37 L.Ed. 432 (1893).
 
 
 25
 Nor do I believe that the case is properly before us as a petition for review, see 15 U.S.C. Sec. 3416(a)(2) (1982). And even if it were, I would conclude that the only proper forum for review of Order No. 399-A is the Fifth Circuit. Title 28 U.S.C. Sec. 2112(a) (1982) provides:
 
 
 26
 If proceedings have been instituted in two or more courts of appeals with respect to the same order the agency ... concerned shall file the record in that one of such courts in which a proceeding with respect to such order was first instituted. The other courts in which such proceedings are pending shall thereupon transfer them to the court of appeals in which the record has been filed.
 
 
 27
 Before the present motion was brought before us, a petition for review of Order No. 399 was filed in the Fifth Circuit, see Mobil Oil Exploration & Producing Southeast, Inc. v. FERC, No. 84-4775 (5th Cir. filed Nov. 20, 1984). The petitioners in that case challenged those aspects of Order No. 399 finding that refunds were due and prescribing a formula for their computation--which aspects were affirmed upon reconsideration in Order No. 399-A. The present petitioners challenge those aspects of Order No. 399-A which revised Order No. 399 upon reconsideration so as to require the refunds to be made where possible by offset rather than lump-sum cash payment. While for purposes of determining the necessity of filing a petition for reconsideration before seeking review, see 15 U.S.C. Sec. 3416(a)(2), it may be necessary to consider Order No. 399 (requiring cash refunds) and Order No. 399-A (requiring set-offs instead) to be separate orders, see Public Service Comm'n of New York v. FPC, 543 F.2d 757, 775 n.116 (D.C.Cir.1974); Utah Power & Light Co. v. FPC, 339 F.2d 436, 437-38 (10th Cir.1964), for purposes of effectuating congressional intent in placing review of "the same order" in a single court it seems to me clear that this entire proceeding is one. It makes no sense to review in one court those portions of the proceedings (if indeed it is possible to separate them) determining whether and in what amounts refunds are due, and in another court those portions determining the manner in which the refunds are to be effected. While the agency did not in this instance file the record with the Fifth Circuit, the statutorily prescribed act which has the effect of precluding other courts from entertaining later-filed petitions, see 28 U.S.C. Sec. 2122(a), that court had permitted the omission only because of the representation that a subsequently filed mandamus motion (not a subsequently filed petition for review) was pending before us. EE MOTION OF THE FEDERAL ENERGY REGULATORY COMMISSION TO POSTPONE THE FILING OF THE CERTIFICATE OF RECORD, MOBIL OIL EXPLORATION, SUPRA (DEC. 28, 1984). ONCE WE DETERMINE (AS WE SHOULD) THAT MANDAMUS IS UNAVILABLE, EVEN IF WE IMPERMISSIBLY RECHARACTERIZE THE PETITION FOR MANDAMUS AS AN APPEAL, IT IS STILL THE SECOND APPEAL, AND PRECEDENCE MUST BE GIVEN TO THE EARLIER APPEAL FILED IN THE FITH CIRCUIT. THE MAJORITY'S ACTION FRUSTRATES THE CONGRESSIONAL POLICY OF PREVENTING PIECEMEAL REVIEW AND PLACING REVIEW IN THE COURT OF FIRST FILING. IF WE DO NOT DISMISS THIS CASE AS A MERITLESS PETITION FOR MANDAMUS (AS WE SHOULD), WE MUST TRANSFER THE SO-CALLED APPEAL TO THE FIFTH CIRCUIT.