Andrew L. TOLLIVER,
Plaintiff-Appellant,

v.

James DENIRO, Director of Veterans Administration Medical Center, Palo Alto, California, Defendant-Appellee.

Nos. 85–1849, 85–1892.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 1986.

Decided June 2, 1986.

Mary Dryovage, Law Offices of Mary Dryovage, San Francisco, Cal., for plaintiff-appellant.

Stephen L. Schirle, Asst. U.S. Atty., San Francisco, Cal., for defendant-appellee.

Before GOODWIN, HUG and REINHARDT, Circuit Judges.

GOODWIN, Circuit Judge:

Andrew Tolliver was discharged from his job as a nursing assistant at a Veteran's Administration ("VA") hospital. He appeals the district court's dismissal of his complaints on jurisdictional grounds. We vacate the order of dismissal and remand.

Tolliver challenged his discharge in a proceeding before the Merit Systems Protection Board ("MSPB"). He denied the job-related allegations that led to his discharge, and he asserted as a racial discrimination claim that he was treated disadvantageously because he was black. He sought reinstatement with back pay.

The presiding official of the MSPB held that the VA's charges against Tolliver were unsupported and granted reinstatement with back pay. The presiding official rejected Tolliver's racial discrimination claim. The decision became final on December 23, 1983.

Tolliver did not immediately appeal the adverse ruling on the racial discrimination claim. He filed a timely motion before the MSPB for attorneys' fees under two sections of 5 U.S.C. § 7701 (1982): (g)(1), for actions where employment discrimination is not at issue and (g)(2), where employment discrimination is at issue. The presiding official denied the motion for fees on April 3, 1984.

Meanwhile, on February 28, 1984, Tolliver filed a petition for enforcement of the MSPB decision, alleging that he had not been properly reinstated. He alleged that he was reemployed in a different job. That petition contained no allegations of racial discrimination.

Before the MSPB ruled on the petition for enforcement, Tolliver filed two complaints in district court. One complaint sought review of the MSPB denial of attorneys' fees; the other, brought "solely for the purpose of preserving plaintiff's right to full relief under Title VII," sought declaratory relief and reassignment to his old job. Those complaints were filed June 7, 1984.

On July 17, 1984, the MSPB denied Tolliver's petition for enforcement. That order became final on August 17, 1984.

The defendant filed a motion for summary judgment on October 12, 1984. On December 3, 1984, Tolliver filed a motion for leave to amend the complaint to name the MSPB as a defendant and in opposition to the defendant's motion or in the alternative for summary judgment.

The district court granted the defendant's motion for summary judgment on February 5, 1985, and denied the plaintiff's motions. Pointing to the time limits prescribed in 5 U.S.C. § 7703(b) (1982), the court held that the racial discrimination claim was time-barred because Tolliver had not appealed the adverse ruling on that issue within 30 days after it became final on December 23, 1983. The court held, further, that because the racial discrimination claim had dropped out of the action before Tolliver filed in federal court, the Court of Appeals for the Federal Circuit had exclusive jurisdiction to hear the remaining issues. See 5 U.S.C. §§ 7702, 7703(b)(1) (1982).

Under § 7703 of the Civil Service Reform Act of 1978 ("CSRA"), Pub.L. No. 95–454, 92 Stat. 1111 (codified in 5 U.S.C. (1982)), a federal employee who has been "adversely affected" by a final order of the MSPB may obtain federal court review by filing a petition within 30 days after the order becomes final.

When the petition for review contains no discrimination claim, it must be filed in the Court of Appeals for the Federal Circuit. Section 7703(b)(1). But if the action involves racial discrimination prohibited by § 717 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16 (1982), the district court has jurisdiction to hear the entire claim, which is to be filed in accordance with the requirements of § 717(c) of the Civil Rights Act. Section 7703(b)(2). These cases are termed "mixed cases."

**1396**

The CSRA thus incorporates elements of the Civil Rights Act in those cases alleging racial discrimination. We must look at both sets of statutes and regulations in order to determine whether the district court was correct in finding that Tolliver's discrimination claim had dropped out of the case and thus that the district court did not have jurisdiction.

■ In mixed cases, as Tolliver's was at its inception, the 30-day appeal period begins to run once "the individual filing the case received notice of the judicially reviewable action...." Section 7703(b)(2). We must decide when this MSPB case became "judicially reviewable."

The government argues that the presiding official's ruling on the discrimination claim "adversely affected" Tolliver because he lost on that issue. The government says that Tolliver had to appeal that portion of the decision within 30 days after it became final—even though he was, at the same time, pursuing attorneys' fees on the rest of his claim before the MSPB. In effect, the government asserts, the presiding official's decision bifurcated Tolliver's action, requiring that he subsequently pursue two separate actions in two different forums.

We reject this argument. Every circuit considering the issue of proper treatment of CSRA cases alleging a colorable racial discrimination claim has refused to approve bifurcation. *See Doyal v. Marsh,* 777 F.2d 1526, 1536–37 (11th Cir.1985); *Williams v. Department of Army,* 715 F.2d 1485, 1488–91 (Fed.Cir.1983) (en banc); *Hayes v. United States Government Printing Office,* 684 F.2d 137, 139–40 (D.C.Cir.1982); *Chang v. Merit Systems Protection Board,* 677 F.2d 173, 174 (1st Cir.1982); *Christo v. Merit Systems Protection Board,* 667 F.2d 882, 883–85 (10th Cir. 1981); *Wiggins v. United States Postal Service,* 653 F.2d 219, 221–22 (5th Cir. 1981).

As the Federal Circuit pointed out in *Williams,* 715 F.2d at 1488–91, the legislative history of the CSRA,[1] considerations of judicial economy, and the interests of the litigant all weigh against bifurcation. We find the Federal Circuit's reasoning convincing. A presiding official's decision granting the relief sought but rejecting a discrimination claim cannot, in itself, force the separation of the claims in a mixed case.

The government suggests, however, that this case is no longer "mixed" because Tolliver "either abandoned the discrimination claim ... or eschewed any judicial challenge of the board's ruling on that issue." *Id.* at 1491; *see Hopkins v. Merit Systems Protection Board,* 725 F.2d 1368, 1370 (Fed.Cir.1984) (employee in mixed case sought attorneys' fees under § 7701(g)(1) only; thus he abandoned the discrimination claim and the Federal Circuit had jurisdiction).

But Tolliver obviously sought to keep the discrimination claim alive by filing the petition for fees under both § 7701(g)(1) and (g)(2). As he points out, 29 C.F.R. § 1613.-281 (1986), which defines finality in Title VII cases, prescribes that an agency's decision becomes final "only when the agency makes a determination on all of the issues in the complaint, including whether or not to award attorney's fees or costs." Because § 7703(b)(2) directs that mixed cases "shall be filed under section 717(c) of the Civil Rights Act," the above regulation applies here. Without more explicit evidence that the petitioner meant to abandon his discrimination claim and forgo district court review, we will not infer such an intent in this case.

■ As an alternate ground for dismissal the court held that it had no jurisdiction because the complaints were filed 31 days after the MSPB's fees decision became final, one day after the 30 days allowed under § 7703(b). The court raised this is-

---

1. " '[Q]uestions of the employee's inefficiency or misconduct, and discrimination by the employer, will be two sides of the same question and must be decided together.' " *Id.* at 1490 (quot-ing S.Rep. No. 95–969, 95th Cong., 2d Sess. 53, *reprinted in* 1978 U.S.Code Cong. & Ad.News 2723, 2775) (alteration in *Williams*).

sue on its own motion. The presiding official issued his decision on the fees petition on April 3, 1984. Under 5 C.F.R. §§ 1201.-113 (1986), an initial decision of a presiding official becomes final "35 days after issuance." We agree with *Ballard v. Tennessee Valley Authority,* 768 F.2d 756, 759–60 (6th Cir.1985), that a presiding official's decision becomes "final action by the Board" for purposes of judicial review 35 days after the decision issues, and we see no reason why this section should not govern finality in decisions on fees, just as in any other decision.

In computing the time allowed for filing, 5 C.F.R. § 1201.23 (1986) provides that "the first day counted shall be the day after the event from which the time period begins to run and the last day of filing shall be included in the computation."

Thirty-five days after April 3 according to this rule is May 8, not May 7. The complaints were therefore timely filed on June 7, the 30th day after the fees decision became final on May 8. *See* § 7703(b)(2).

We remand to the district court so that it may reach the merits of the case. We express no opinion on the merits.

Vacated and Remanded.