**Arthur HAYS, Petitioner–Appellant,**

v.

**POSTMASTER GENERAL OF the UNITED STATES; United States Merit Systems Protection Board, Respondents–Appellees.**

No. 87–2824.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 12, 1988.

Decided Feb. 17, 1989.

Elaine W. Wallace, Oakland, Cal., for petitioner-appellant.

James A. Friedman, Atty., Office of Labor Law, U.S. Postal Service, Washington, D.C., for respondents-appellees.

Before HUG and KOZINSKI, Circuit Judges, and GRAY,* Senior District Judge.

PER CURIAM:

Arthur Hays petitioned the district court for review of a decision by the Merit Systems Protection Board (MSPB) upholding his removal from his job with the Postal Service. The district court held that it

* The Honorable William P. Gray, Senior United States District Judge for the Central District of California, sitting by designation.

lacked jurisdiction. We review the district court's determination de novo. *Lofton v. Heckler,* 781 F.2d 1390, 1392 (9th Cir.1986).

## FACTS

Hays received a notice of proposed removal from his job on January 28, 1985. On February 3, he appealed this decision to the MSPB, but did not make any discrimination claims; on February 24, he filed a formal Equal Employment Opportunity (EEO) complaint, charging discrimination based on race, sex and physical handicap. Under Equal Employment Opportunity Commission (EEOC) regulations, an aggrieved person may file an EEO complaint based on discrimination and nondiscrimination claims (termed a "mixed" case complaint), or file a mixed case appeal with the MSPB, but may not do both. 29 C.F.R. § 1613.403 (1988). Moreover, the regulations provide how the election of remedies is made: "[W]hichever is filed first (the EEO complaint or the MSPB appeal) shall be considered an election to proceed in that forum." *Id.* As the appeal to the MSPB preceded the filing of the EEO complaint, the MSPB's presiding official considering Hays' appeal correctly determined that the MSPB had jurisdiction.

The presiding official upheld Hays' removal on April 25, 1986. Under the regulations then in effect, Hays had 30 days to petition the full MSPB for a review of the decision. 5 C.F.R. 1201.113 (1985).[1] On May 3, 1986, the Postal Service notified Hays that his EEO complaint had been rejected pursuant to regulations which require rejection of a mixed case complaint when the case had been appealed to the MSPB. The Postal Service advised him to "bring the allegations of discrimination contained in this rejected complaint to the attention of the Merit Systems Protection Board ... within twenty (20) calendar days...." Excerpts of Record at 46. Hays did not attempt to bring his discrimination claims to the attention of the MSPB.

1. Under current regulations, the initial decision of the presiding official becomes final 35 days after issuance. 5 C.F.R. § 1201.113 (1988).

As Hays failed to file a petition for review before the full MSPB, the presiding official's decision became final on May 30, 1986.

On June 13, Hays petitioned the district court for review of the MSPB's decision and for remedies based on his claim that he had suffered discrimination on account of a mental handicap, in violation of section 501 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, 794 (1982 & Supp. IV 1986). Defendants moved the court to dismiss the case for lack of subject matter jurisdiction or to transfer it to the United States Court of Appeals for the Federal Circuit pursuant to 28 U.S.C. § 1631 (1982). The district court granted the motion to dismiss.

## Discussion

### I

■ Hays concedes that he did not pursue his discrimination claims before the MSPB. His appeal to the MSPB did not allege discrimination and the MSPB's decision did not address any discrimination claims. The district court has jurisdiction only over cases involving claims of discrimination. MSPB cases that do not raise discrimination claims must be appealed to the United States Court of Appeals for the Federal Circuit. 5 U.S.C. § 7703(b) (1982). The plain language of the pertinent jurisdictional statutes establishes that the Federal Circuit, not the district court, had exclusive jurisdiction over Hays' action. Hays nevertheless offers several theories in support of his contention that the district court had subject matter jurisdiction.

A. First, Hays contends that he never intentionally abandoned his claims of discrimination, as evidenced by the fact that his discrimination complaint was under administrative review at the time the MSPB was considering his appeal. As he made every effort to keep his discrimination claims alive, Hays argues, he could properly raise these claims before the district court.

Hays relies on *Tolliver v. Deniro,* 790 F.2d 1394 (9th Cir.1986). In *Tolliver,* a petitioner raised a mixed claim before the MSPB; the MSPB dismissed his discrimination claim early in the proceedings. We held that, so long as the petitioner had presented his discrimination claim to the MSPB and had not abandoned it, he did not have to appeal its dismissal until the MSPB proceedings on the other claims had also been completed. However, as Hays never raised his discrimination claims before the MSPB, *Tolliver* is inapposite.

Nor can Hays find support in cases where petitioners raised issues in their initial appeal to the MSPB but failed to assert them in their petition for review. These cases held that, so long as the issues were not intentionally abandoned or waived, they could be raised before the court of appeals. *James v. F.E.R.C.,* 755 F.2d 154, 155 (Fed. Cir.1983) (order denying petition for rehearing); *Lizut v. Department of the Army,* 717 F.2d 1391, 1395–96 (Fed.Cir.1983). However, Hays has not cited, and we have not found, any case holding that the district court has jurisdiction over discrimination claims that were not raised before the MSPB at any stage of the proceeding. We agree that "[a]llowing a party to withhold important issues from the board and later present them to this court would undermine the board's authority." *Lizut,* 717 F.2d at 1396.

B. Hays also invokes equitable considerations that, he claims, excuse his failure to pursue his discrimination claim before the MSPB. He points out, for example, that the presiding official at his initial appeal before the MSPB failed to advise him to raise his discrimination claims at the hearing; that his lay representative, who cannot be held to as high a standard as a lawyer, gave him bad advice; and that it would have been futile to raise his discrimination claims in a petition for review after the MSPB's initial decision.

As the Supreme Court made clear in *Christianson v. Colt Indus. Operating Corp.,* — U.S. ——, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988), the invocation of equitable considerations does not give a court the power to exercise jurisdiction in violation of the limits established by Congress. In *Christianson,* the Seventh Circuit trans-

ferred an appeal to the Federal Circuit pursuant to 28 U.S.C. § 1631. The Federal Circuit concluded it lacked jurisdiction over the appeal, but decided to reach the merits anyway "in the interests of justice." *Id.* 108 S.Ct. at 2172. The Supreme Court vacated the judgment of the Federal Circuit and disapproved its exercise of jurisdiction, stating:

"Courts created by statute can have no jurisdiction but such as the statute confers." The statute [28 U.S.C. § 1631] confers on the Federal Circuit authority to make a single decision upon concluding that it lacks jurisdiction—whether to dismiss the case or, "in the interest of justice," to transfer it to a court of appeals that has jurisdiction....

The age-old rule that a court may not in any case, even in the interest of justice, extend its jurisdiction where none exists has always worked injustice in particular cases.... Such situations inhere in the very nature of jurisdictional lines....

*Id.* 108 S.Ct. at 2178 (citations omitted).

The statutory scheme set forth in 5 U.S.C. §§ 7702, 7703 precludes a court from exercising jurisdiction over the case of a petitioner who has not raised discrimination claims before the MSPB. Therefore, the district court here had authority only "to dismiss the case or, 'in the interest of justice,' to transfer it." *Christianson,* 108 S.Ct. at 2178. It could not reach the merits of Hays' claim.

## II

Hays contends that once the district court determined it lacked jurisdiction, it should have transferred the petition for review to the Federal Circuit, pursuant to 28 U.S.C. § 1631 (1982). Under section 1631, whenever the court finds a lack of jurisdiction, it "shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." *Id.* Although Hays did not move the court to transfer the case,[2] we have held that "[a] motion to transfer is unnecessary because of the mandatory cast of section 1631's instructions." *Harris v. McCauley (In re McCauley),* 814 F.2d 1350, 1352 (9th Cir.1987).

We review a district court's failure to transfer a case under section 1631 for an abuse of discretion. *Taylor v. Social Sec. Admin.,* 842 F.2d 232, 233 (9th Cir.1988). Once the district court has determined that it lacks jurisdiction, but that another federal court has authority to hear the case, the district court "must consider whether the action would have been timely if it had been filed in the proper forum on the date filed, and if so, whether a transfer would be 'in the interest of justice.'" *Id.* (quoting *Hill v. United States Air Force,* 795 F.2d 1067, 1070 (D.C.Cir.1986)).

Here the district court indicated that the Federal Circuit would have jurisdiction over Hays' action, *Hays v. United States Postmaster General,* No. CV-F-86-515 REC (E.D.Cal. Aug. 27, 1987) at 7,[3] but failed to consider either of the issues required by *Taylor.* We note that Hays' petition for review would have been timely if it had been filed in the Federal Circuit.[4] As the district court failed to exercise its discretion pursuant to section 1631, we remand with directions to consider whether the transfer of Hays' action to the Federal Circuit would be in the interest of justice.

---

**2.** The possibility of transfer was raised only by the government as an alternative to its motion to dismiss.

**3.** While the Federal Circuit would not have jurisdiction over Hays' discrimination claims, it would have jurisdiction over Hays' petition for review of the MSPB's final decision. 5 U.S.C. § 7703(b)(1) (1982). *See also Hymen v. Merit Sys. Protection Bd.,* 799 F.2d 1421 (9th Cir.1986) (once the district court dismissed petitioner's discrimination claims for lack of jurisdiction, it no longer had jurisdiction over the nondiscrimi-

nation claims, and it was appropriate to order those claims transferred to the Federal Circuit), *cert. denied,* 481 U.S. 1019, 107 S.Ct. 1900, 95 L.Ed.2d 506 (1987).

**4.** Under 5 U.S.C. § 7703(b)(1), a petition for review must be filed within 30 days after the date the petitioner received notice of the final order or decision of the Board. Hays filed his petition for review in the district court within 30 days.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.