15 F.3d 1089
 5 NDLR P 89
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward G. SPRANGER, Plaintiff-Appellant,
v.
Anthony A. FRANK, Postmaster General, United States Postal
Service, Defendant-Appellee.
 No. 92-15812.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1993.*
Decided Nov. 24, 1993.
 
 1
 Before THOMPSON and O'SCANNLAIN, Circuit Judges; NIELSEN,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Edward G. Spranger appeals pro se a summary judgment against his various employment claims against the United States Postal Service ("USPS") challenging the USPS' termination of his employment and subsequent refusal to rehire him. Because Spranger has alleged both discrimination and nondiscrimination claims against the USPS, his action constitutes a "mixed case." 5 U.S.C. Sec. 7703(b)(2); Romain v. Shear, 799 F.2d 1416, 1422 (9th Cir.1986).
 
 
 4
 * Spranger asserts that he is entitled to be restored to employment under the Federal Employees Compensation Act, 5 U.S.C. Secs. 8101, 8151, because he recovered from a work-related injury within a year of his discharge (the "Restoration Rights Claim"). The district court affirmed the Merit Systems Protection Board's ("MSPB") decision that Spranger's first appeal before the MSPB ("First MSPB Appeal") was res judicata for his Restoration Rights Claim.
 
 
 5
 Spranger contends that the First MSPB Appeal cannot be res judicata because his right to appeal to the MSPB had not matured at the time of that action. He asserts that his right to appeal matured at a later time when he received a decision from the Office of Workers' Compensation Programs ("OWCP") determining that he had a "compensable" injury.
 
 
 6
 This argument is inapposite because Spranger's First MSPB Appeal was dismissed on grounds unrelated to whether he had a "compensable" injury. A former federal employee may appeal an agency's failure to rehire him or her to the MSPB only if he or she was separated from the agency as a result of a compensable injury. 5 C.F.R. Secs. 353.103(b), 353.401(a). MSPB regulations do not require the MSPB to determine first that an employee has an injury that is compensable before it considers whether the employee was terminated because of that injury.
 
 
 7
 The MSPB determined in the First MSPB Appeal that Spranger had not been separated as a result of his injury and, therefore, was not entitled to bring his claim. The OWCP's determination that Spranger's injury was "compensable" could not affect this decision and, thus, was irrelevant. Consequently, the MSPB's decision in the First MSPB Appeal properly was res judicata. See, e.g., Daniel v. Office of Personnel Management, 43 M.S.P.R. 599, 601 (1990).
 
 II
 
 8
 Spranger contends that the MSPB improperly concluded in his second appeal before the MSPB ("Second MSPB Appeal") that his termination claim (the "Just Cause Claim"), brought under the Civil Service Reform Act, 5 U.S.C. Sec. 7701, was barred by issue preclusion (collateral estoppel). The district court affirmed the MSPB's decision and granted summary judgment.
 
 
 9
 Spranger argues that issue preclusion was inapplicable because his Just Cause Claim involved the following "purely legal" questions: (1) whether he had a right to select his own physician for treatment and (2) whether he was entitled to continuation of pay and sick leave. However, to the extent that they were relevant to Spranger's termination, these issues were addressed by the arbitrator in order to resolve the ultimate question of whether Spranger had been terminated for just cause and in reprisal for his union activities. This question was a mixed issue of law and fact, which is appropriate for application of issue preclusion. See, e.g., Wynne v. Department of the Army, 46 M.S.P.R. 320 (1990), aff'd without opin., 940 F.2d 677 (Fed.Cir.1991).
 
 
 10
 Spranger also argues that the MSPB failed to make an independent determination of the appropriateness of the penalty that he received because it denied his appeal on the basis of issue preclusion. However, the MSPB's duty to consider mitigating facts does not require de novo review of an arbitrator's assessment of the appropriateness of a penalty. Kroeger v. United States Postal Serv., 865 F.2d 235 (Fed.Cir.1988). Spranger thus has no basis for asserting that the MSPB violated its obligation to review the appropriateness of his discipline.
 
 III
 
 11
 Spranger brought race, sex and reprisal discrimination claims against the USPS under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e-1, and a handicap discrimination claim pursuant to the Rehabilitation Act of 1973, 29 U.S.C. Sec. 791. Spranger appears to allege that he raised a genuine issue of material fact sufficient to overcome summary judgment against his race, sex and handicap claims. He also argues that the district court wholly failed to consider his reprisal claim.
 
 
 12
 * The district court granted summary judgment against Spranger's race and sex discrimination claims because Spranger (1) omitted them from his amended complaint and (2) failed to raise them before the MSPB in his Second MSPB Appeal. Spranger appears to challenge the judgment against these claims. We need not consider whether Spranger's failure to include his race and sex claims in his amended complaint is fatal, for Spranger abandoned these claims by failing to present them to the MSPB. We review this issue de novo. See, e.g., Hays v. Postmaster General of the United States, 868 F.2d 328, 330 (9th Cir.1989).
 
 
 13
 A plaintiff must present a discrimination claim to the MSPB in order to preserve his or her right to raise it in federal court. Id. Such claims must be brought as an affirmative defense to a discharge. 5 C.F.R. Sec. 1201.56(b). Further, a mixed-case appeal must "state specifically how the agency discriminated against the appellant." Id. at Sec. 1201.153(a)(1). Although an appellant may raise a new discrimination claim as of right prior to the final conference held to define the issues in the case, a new claim cannot be raised after that time except for demonstrated good cause. Id. at Sec. 1201.24.
 
 
 14
 Spranger claims that he raised his race, sex and reprisal claims orally during the hearing of his Second MSPB Appeal. However, it is clear from the record that Spranger did not raise his race, sex or reprisal claims at any time during the Second MSPB Appeal. Although a hearing officer addressed these claims sua sponte in the MSPB's initial decision, his action does not cause Spranger to comply with any of the pleading requirements set out in the MSPB's regulations, particularly that of pleading claims before the final prehearing conference. See McKowen v. MSPB, 703 F.2d 14, 26 (1st Cir.1983); Kosanowsky v. United States Dep't of the Army, 659 F.Supp. 872, 876 (S.D.N.Y.1987). Not having raised his race, sex and reprisal claims before the MSPB, Spranger has abandoned them. Hays, 868 F.2d at 330.
 
 B
 
 15
 The district court determined that Spranger failed to establish a prima facie case of handicap discrimination under the Rehabilitation Act because he had provided "no evidence that the injury to his back was anything more than a temporary, minor injury." Spranger appears to challenge the district court's summary judgment against his handicap claim. We review the district court's decision de novo. Anderson v. United States, 966 F.2d 487, 489 (9th Cir.1992).
 
 
 16
 Spranger was not a handicapped person under the Rehabilitation Act. A person is handicapped if he or she "(1) [h]as a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) has a record of such an impairment, or (3) is regarded as having such an impairment." 29 C.F.R. Sec. 1613.702(a) (underscore added). Spranger's claim is based on the first of these three tests for a handicap. Regulations promulgated under the Rehabilitation Act do not explain when an impairment "substantially limits" a person's major life activities. 56 Fed.Reg. 35726, 35726 (final rule). However, the Americans with Disabilities Act (the "ADA"), 42 U.S.C. Sec. 12101, which contains an identical prohibition of handicap discrimination, does define this term. ADA regulations, as well as ADA interpretive guidance, make clear that temporary, minor injuries do not "substantially limit" a person's major life activities. 29 C.F.R. Secs. 1630.2(j), 1630 App., at 407.
 
 
 17
 The district court found that Spranger's two-month back sprain was a minor, temporary injury. Spranger's injury thus was not a handicap under the Rehabilitation Act.
 
 C
 
 18
 Spranger argues that the district court failed to rule on his reprisal discrimination claim. The district court appears to have believed that Spranger elected not to proceed with this claim because, in its order granting summary judgment against the amended complaint, it stated that, at a March 20, 1992 hearing, Spranger "acknowledged that he no longer claims that his termination resulted from reprisal discrimination." However, at that hearing, Spranger conceded only that he was not raising a claim of reprisal for his union activities. That claim was separate and distinct from a claim for reprisal based on Spranger's EEO activities. The district court thus erred in concluding that Spranger had elected not to proceed with this cause of action.
 
 
 19
 Adequate grounds nevertheless exist to support summary judgment against this claim. In reviewing the district court's decision, the panel may affirm on any ground supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992); Marino v. Vasquez, 812 F.2d 499, 508 (9th Cir.1987). If the trial court decision is correct, it may be affirmed, even if the district court relied on the wrong grounds or the wrong reasoning. Washington, 969 F.2d at 755; Marino, 812 F.2d at 508. As with the race and sex claims, Spranger did not raise his EEO reprisal claim during the Second MSPB Appeal. Having abandoned it, he may not revive it in this federal action. Hays, 868 F.2d at 330.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 The Honorable Wm. Fremming Nielsen, United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3