NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JULIO GUERRA,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2025-1130

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-23-0214-I-1.

---

Before TARANTO, WALLACH, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

## O R D E R

Julio Guerra petitions for review of the Merit Systems Protection Board's dismissal of his removal appeal. Because Mr. Guerra raised discrimination claims before the Board and his submissions indicate a desire to pursue those claims, the court directed the parties to show cause as to why the case should not be transferred. In response, Mr. Guerra requests that this court "review the issues within its jurisdiction" and transfer "matters beyond the

Federal Circuit's jurisdiction, including claims of discrimination, . . . to an appropriate U.S. District Court." ECF No. 16 at 1. The agency urges transfer of the entire case to the United States District Court for the Western District of Washington. We agree with the agency.

Federal district courts, not this court, have jurisdiction over "[c]ases of discrimination subject to the provisions of [5 U.S.C. §] 7702," 5 U.S.C. § 7703(b)(2), which involve an allegation of an action appealable to the Board and an allegation that a basis for the action was covered discrimination, § 7702. *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 437 (2017). Here, Mr. Guerra alleged that his removal was based, at least in part, on covered discrimination such that his case belongs in district court, not in this court. Mr. Guerra may not split his claims between this court and another court. *See Williams v. Dep't of the Army*, 715 F.2d 1485, 1490 (Fed. Cir. 1983) (en banc) ("Congress did not direct or contemplate bifurcated review" of these types of cases because claims of adverse action and discrimination "will be two sides of the same question and must be considered together." (citation omitted)); *see also Tolliver v. Deniro*, 790 F.2d 1394, 1396 (9th Cir. 1986). Under the circumstances, transfer to the Western District of Washington, where the employment action appears to have occurred and where Mr. Guerra appears to reside, is appropriate. *See* 28 U.S.C. § 1631.

Accordingly,

IT IS ORDERED THAT:

This matter and all case filings are transferred to the United States District Court for the Western District of

GUERRA v. DVA                                                               3

Washington pursuant to 28 U.S.C. § 1631.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

April 16, 2025
Date